FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 19, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KHALIL S.[1], | No. 2:25-CV-00040-RLP |
| Plaintiff, | ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS |
| v. | |
| FRANK BISIGNANO, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendants. | |

BEFORE THE COURT is an appeal from an Administrative Law Judge (ALJ) final decision denying supplemental security income under Title XVI and disability insurance benefits under Title II and XVIII of the Social Security Act. ECF No. 9. For the reasons discussed below, the Court concludes the ALJ committed harmful legal error in evaluating Mr. S.'s symptom testimony.

---

[1] Plaintiff's first name and last initial are used to protect his privacy.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 1

Therefore, Mr. S.'s brief, ECF No. 9, is granted and the Commissioner's brief, ECF No. 10, is denied.

## BACKGROUND

Mr. S. was twenty-five years old on the alleged onset date of January 1, 2020. Tr. 213-14. Mr. S. has a high school education and some trades schooling. Tr. 57. Prior to this date, he worked as a mason, a mover, and an online commerce manager. Tr. 285-90. From January until April 2020, Mr. S. worked as a furniture delivery driver and at a cannabis store. *Id.*, Tr. 268. Mr. S. made $203.18 at the cannabis store, and $3,975.90 as a furniture delivery driver, for a total of $4,179.08 in earnings in 2020. Tr. 268.

Mr. S. filed this claim for supplemental security income on September 7, 2021, Tr. 226-31, and his claim for disability insurance benefits on September 8, 2021. Tr. 232-33. The claims were denied initially and upon reconsideration. Tr. 88-119. A hearing before an ALJ was held on April 10, 2024, at which Mr. S. testified as to his symptoms. Tr. 49-87. On May 7, 2024, the ALJ issued an unfavorable decision, Tr. 26-38, and the Appeals Council denied review. Tr. 1-6. The matter is now before this Court pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

This Court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review is limited; the

Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012). If the evidence in the record "is susceptible to more than one rational interpretation, [the Court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10, 129 S. Ct. 1696 (2009).

## FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do [his or her]

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 3

previous work[,] but cannot, considering [his or her] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v). At step one, if the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. §§ 404.1520(c), 416.920(c). At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must assess the claimant's residual functional capacity (RFC), which is the claimant's ability to

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 4

perform physical and mental work activities on a sustained basis despite his or her

limitations, 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).

At step four, the Commissioner considers whether, in view of the claimant's

RFC, the claimant is capable of performing work that he or she has performed in

the past (past relevant work). 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If

not, the analysis proceeds to step five and the Commissioner considers whether, in

view of the claimant's RFC, the claimant is capable of performing other work in

the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The claimant bears the burden of proof at steps one through four above.

*Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). If the analysis proceeds to

step five, the burden shifts to the Commissioner to establish that (1) the claimant is

capable of performing other work; and (2) such work "exists in significant

numbers in the national economy."  20 C.F.R. §§ 404.1560(c)(2), 416.960(c)(2);

*Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

At step one, the ALJ found Mr. S. engaged in substantial gainful activity

between January and April 2020. Tr. 28. Nevertheless, the ALJ found there had

been a continuous 12-month period where Mr. S. had not engaged in substantial

gainful activity and proceeded to step two. Tr. 29. At step two, the ALJ found Mr.

S. had the following severe impairments: Ehlers-Danlos syndrome (EDS); cervical,

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 5

thoracic, and lumbar degenerative disc disease; an anxiety disorder; post-traumatic stress disorder (PTSD); somatic disorder; and cannabis dependence. *Id*.

At step three, Mr. S. contended he met or medically equaled Listings 12.06, anxiety and obsessive-compulsive disorders, 12.07, somatic symptom and related disorders, 12.15, trauma- and stressor-related disorders, and 14.06, undifferentiated and mixed connective tissue disease.[2] *Id*. To meet Listings 12.06, 12.07, and 12.15, a claimant generally must satisfy the B criteria by demonstrating:

> B. Extreme limitation[3] of one, or marked limitation of two, of the following areas of mental functioning (see 12.00F):
>   1. Understand, remember, or apply information (see 12.00E1).
>   2. Interact with others (see 12.00E2).
>   3. Concentrate, persist, or maintain pace (see 12.00E3).
>   4. Adapt or manage oneself (see 12.00E4).

---

[2] Mr. S. also contended he met or medically equaled Listings 1.15, disorders of the skeletal spine resulting in compromise of a nerve root, 1.18, abnormality of a major joint in any extremity. Tr. 29. The ALJ found Mr. S. did not meet these Listings. *Id*. Mr. S. does not contest these findings on appeal.

[3] When rating a claimant's degree of limitation due to a mental impairment, the Commissioner uses the following five-point scale: None, mild, moderate, marked, and extreme. 20 C.F.R § 416.920a(c)(4). Extreme limitations are those "incompatible with the ability to do any gainful activity." *Id*.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 6

20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.06, 12.07, 12.15. Alternatively, Listings

12.06 and 12.15 may be satisfied by demonstrating the C criteria are met:

> C. Your mental disorder in this listing category is "serious and persistent;" that is, you have a medically documented history of the existence of the disorder over a period of at least 2 years, and there is evidence of both:
>    1. Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder (see 12.00G2b); and
>    2. Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life (see 12.00G2c).

20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.06, 12.15. Listing 14.06 is satisfied by

demonstrating:

> As described in 14.00D5. With:
> A. Involvement of two or more organs/body systems, with:
>    1. One of the organs/body systems involved to at least a moderate level of severity; and
>    2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).
> OR
> B. Repeated manifestations of undifferentiated or mixed connective tissue disease, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
>    1. Limitation of activities of daily living.
>    2. Limitation in maintaining social functioning.
>    3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

20 C.F.R. Pt. 404, Subpt. P, App. 1, 14.06.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 7

The ALJ found that Mr. S. did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 30-31. Specifically, the ALJ found Mr. S. did not satisfy the B criteria for Listings 12.06, 12.07, or 12.15 because he had no more than moderate limitations in any of the four areas of mental functioning. *Id*. The ALJ found Mr. S. did not satisfy the C criteria because he did not demonstrate marginal adjustment. *Id*. Finally, the ALJ found Mr. S. did not satisfy Listing 14.06 because there was no evidence two or more of his bodily systems were involved to at least a moderate degree of severity, or evidence of malaise, fever, or unintended weight loss in addition to fatigue. Tr. 30.

After finding Mr. S. did not meet or medically equal the severity of one of the listed impairments, the ALJ assessed his RFC. Tr. 31-36. With regards to Mr. S.'s own statements concerning his symptoms, the ALJ found Mr. S's impairments could reasonably be expected to cause his alleged symptoms, but that his testimony was not entirely consistent with the evidence in the record. *Id*. With respect to the RFC, the ALJ found Mr. S. had the RFC to perform sedentary work except that he can lift 10 lbs. occasionally; stand or walk 2 out of every 8 hours; sit for 6 to 8 hours at a time; must avoid exposure to extreme cold, heat, wetness or humidity, excessive vibration, and uneven surfaces; no conveyor belt or production rate pace

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 8

(non-worker controlled pace); and occasionally interact with the public, co-workers, and supervisors. Tr. 31-32.

At step four, the ALJ found Mr. S. unable to perform any past relevant work. Tr. 36. At step five, the ALJ found Mr. S. capable of performing jobs that exist in significant numbers in the national economy, specifically as a document preparer, escort vehicle driver, and surveillance system monitor. Tr. 37-38. Based on these adverse findings, the ALJ determined Mr. S. has not been under a disability, as defined in the Social Security Act, from January 1, 2020, through the date of the decision. *Id*.

## ANALYSIS

Mr. S. contends the ALJ erred at step one by finding he engaged in substantial gainful activity after his alleged onset date of January 1, 2020. At step three, he contends the ALJ erred by finding he did not meet or medically equal the criteria of Listings 12.04, 12.06, 12.07, 12.15, or 14.06. He also contends the ALJ improperly rejected his own testimony concerning his symptoms.[4] Consequently,

---

[4] Mr. S.'s brief is not structured in a way that accounts for the applicable legal framework. Ms. S.'s brief largely relies upon factual arguments, rebutting the ALJ's factual findings, without tying the factual claims to the five-step evaluation process. This lack of specific legal structure has unnecessarily complicated the

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 9

Mr. S. contends the ALJ formulated an incomplete RFC and then erred at step five by finding him capable of performing work available in significant numbers in the national economy. He does not contest the ALJ's findings at steps two or four.

The Court concludes that the ALJ's finding at step one was erroneous, but that the error was harmless as the ALJ proceeded with the five-step analysis. However, the ALJ failed to provide specific, clear, and convincing reasons to reject Mr. S.'s testimony. This is reversible error requiring remand.

Regarding step three, the Court finds substantial evidence supports the ALJ's findings that Mr. S. did not meet or medically equal listings 12.06, 12.07, or 12.15. Nor was it an error for the ALJ to find Mr. S. did not meet or medically equal Listing 14.06, although the Court finds the reasoning the ALJ used to arrive at this conclusion flawed. Due the ALJ's flawed treatment of Mr. S.'s EDS, on remand the Court directs the ALJ to reconsider this impairment and whether it satisfies a Listing other than 14.06.

## A.    Substantial Gainful Activity

Mr. S. contends the ALJ erred at step one by finding he engaged in substantial gainful activity after his alleged onset date of January 1, 2020.

Court's review of this matter.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 10

An individual who is engaged in "substantial gainful activity" is not disabled. 42 U.S.C. § 423(d) (1) (A); *Andrews v. Shalala*, 53 F.3d 1035, 1040 (9th Cir. 1995); 20 C.F.R. § 416.920(b). Earnings may show that an individual is engaged in substantial gainful activity. 20 C.F.R. § 416.974(a)(1). An individual earning more than a certain amount each month is presumed to be engaged in substantial gainful activity. *Katz v. Secretary of Health & Human Services*, 972 F.2d 290, 293 (9th Cir. 1992); 20 C.F.R. §§ 404.1574(b)(2), 416.974(b)(2). The monthly earnings threshold for 2020 was $1,260. *See* https://www.ssa.gov/OACT/COLA/sga.html (last accessed July 22, 2025).

The ALJ found Mr. S. earned $4,179.08 over the four-month period of January through April 2020, and that this was over the monthly threshold for substantial gainful activity. Tr. 28. $4,179.08 translates to earnings of $1,044.77 per month, under the $1,260 monthly threshold. For that reason, the ALJ erred by finding Mr. S. earned over the monthly threshold for this period.

While the Commissioner contends only the period from February to April 2020 where Mr. S. was working as a furniture delivery driver should be counted, this is not the reasoning used by the ALJ. The ALJ clearly considered Mr. S,'s January earnings at the cannabis store as well. The Court must review the ALJ's decision based on the reasoning offered by the ALJ. *Bray v. Comm'r of Soc. Sec.*

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 11

*Admin.*, 554 F.3d 1219, 1225 (9th Cir. 2009). Here, the ALJ's reasoning shows a clear error in calculation.

However, the ALJ's error is harmless as it continued with the five-step evaluation process, and the erroneous finding was inconsequential to the ultimate non-disability determination. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006).

## B.    The Listings

Mr. S. contends the ALJ erred by failing to find he met or medically equaled the B criteria for Listings 12.04[5], 12.06, 12.07, and 12.15. He does not appear to contest the ALJ's findings on the C criteria for these Listings.

As stated above, the B Criteria for Listings 12.06, 12.07, and 12.15 all require:

> B. Extreme limitation of one, or marked limitation of two, of the following
>    areas of mental functioning (see 12.00F):
>    1. Understand, remember, or apply information (see 12.00E1).

_____

[5] The ALJ made no findings on Listing 12.04, and the record does not show Mr. S. raised the Listing to the ALJ's attention. When represented by counsel claimants "must raise all issues and evidence at their administrative hearings in order to preserve them on appeal." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). As Mr. S. failed to raise Listing 12.04 before the ALJ, the Court declines to review this assignment of error.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 12

2.  Interact with others (see 12.00E2).
3.  Concentrate, persist, or maintain pace (see 12.00E3).
4.  Adapt or manage oneself (see 12.00E4).

20 C.F.R. Pt. 404, Subpt. P, App. 1, 12.06, 12.07, 12.15.

The ALJ found Mr. S. did not meet or medically equal the B criteria for Listings 12.06, 12.07, or 12.15 because he had no more than moderate limitations in any of the four areas of mental functioning. Substantial evidence supports these findings.

Regarding his ability to understand, remember, or apply information, the ALJ found Mr. S. had no limitations, as the record had no evidence he suffered from loss of memory or understanding, and his psychiatric evaluation indicated intact memory. Tr. 421, 426, 444, 1006. The cited evidence, and the noted lack of evidence, constitutes substantial evidence in support of the ALJ's finding of no limitations.

Regarding his ability to interact with others, the ALJ found Mr. S. had a moderate limitation. The ALJ noted Mr. S.'s verbal aggression and abuse towards medical providers, Tr. 672-72, as well as his excessive worrying, PTSD symptoms, insomnia, and cannabis dependence. Tr. 1018-19. The cited evidence constitutes substantial evidence in support of the ALJ's finding.

Regarding his ability to concentrate, persist, or maintain pace, the ALJ found Mr. S. had a moderate limitation. The ALJ noted Mr. S. had been diagnosed with

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 13

ADHD and treated with medication, and that he showed up late and confused to appointments and was working on his time management and concentration skills in therapy. Tr. 1019, 1032. The cited evidence constitutes substantial evidence in support of the ALJ's finding.

Regarding his ability to adapt of manage himself, the ALJ found Mr. S. had a mild limitation. The ALJ noted he appeared at appointments with appropriate dress and hygiene, appeared alert and oriented, although occasionally late. Tr. 1021, 1026, 1032. The ALJ also noted Mr. S. required help from his girlfriend to accomplish the activities of daily living, Tr. 61, and had a history of suicide attempts and self-harm that he was managing. Tr. 1021-22. The cited evidence constitutes substantial evidence in support of the ALJ's finding.

The evidence cited by the ALJ in its decision constitutes substantial evidence in support of no more than moderate limitations in the four areas of mental functioning contained within the B criteria. That Mr. S. can argue for a different conclusion using other evidence in the record is irrelevant. *See Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) (ALJ "responsible for resolving ambiguities" in the record). The ALJ's findings were supported by substantial evidence, and the Court will not disturb these findings on appeal.

Mr. S. also contends the ALJ erred by finding his EDS did not meet or medically equal Listing 14.06. As stated above, Listing 14.06 requires:

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 14

As described in 14.00D5. With:
A. Involvement of two or more organs/body systems, with:
  1. One of the organs/body systems involved to at least a moderate level of severity; and
  2. At least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss).
OR
B. Repeated manifestations of undifferentiated or mixed connective tissue disease, with at least two of the constitutional symptoms or signs (severe fatigue, fever, malaise, or involuntary weight loss) and one of the following at the marked level:
  1. Limitation of activities of daily living.
  2. Limitation in maintaining social functioning.
  3. Limitation in completing tasks in a timely manner due to deficiencies in concentration, persistence, or pace.

20 C.F.R. Pt. 404, Subpt. P, App. 1, 14.06. Listing 14.00D5 in turn provides:

Undifferentiated and mixed connective tissue disease (14.06).
a. General. This listing includes syndromes with clinical and immunologic features of several autoimmune disorders, but which do not satisfy the criteria for any of the specific disorders described. For example, you may have clinical features of SLE and systemic vasculitis, and the serologic (blood test) findings of rheumatoid arthritis.
b. Documentation of undifferentiated and mixed connective tissue disease. Undifferentiated connective tissue disease is diagnosed when clinical features and serologic (blood test) findings, such as rheumatoid factor or antinuclear antibody (consistent with an autoimmune disorder) are present but do not satisfy the criteria for a specific disease. Mixed connective tissue disease (MCTD) is diagnosed when clinical features and serologic findings of two or more autoimmune diseases overlap.

20 C.F.R. Pt. 404, Subpt. P, App. 1, 14.00.

The ALJ found Mr. S. did not meet or medically equal Listing 14.06 for two

reasons. First, while Mr. S. had some level of impairment in his joints and

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 15

musculature, there was no evidence two or more of his bodily systems were involved to at least a moderate level of severity. Second, while he alleged fatigue, there was no indication of malaise, fever, or unintended weight loss.

As a preliminary matter, the Commissioner contends the ALJ did not err because in order to satisfy Listing 14.06, a claimant must first be diagnosed with an immune disorder via blood test findings, as per Listing 14.00D5.

The Commissioner is correct. Listing 14.06 requires the A or B criteria be satisfied "[w]ith" Listing 14.00D5. This means a claimant's disorder must be an immune disorder diagnosed with clinical features and blood test findings in order to meet or medically equal Listing 14.06. The Commissioner's Hearings, Appeals, and Litigation Manual ("HALLEX") is informative:

> Although Ehlers-Danlos syndrome and Marfan's syndrome are connective tissue disorders, they are not immune disorders, but genetic disorders, and, therefore, should not be included in the immune system listings. These syndromes are evaluated under the listings for the affected body system, (e.g., cardiovascular, visual, musculoskeletal, gastrointestinal).

HALLEX II-4-1-4, accessible at 1996 WL 1587053, at *39. Thus, based on the available evidence it appears Mr. S. cannot satisfy Listing 14.06 as there is no evidence he was diagnosed with an immune disorder via blood test.

//

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 16

1     While the Commissioner is correct that Mr. S.'s EDS could not satisfy

2 Listing 14.00D5, the ALJ made no such findings. Instead, the ALJ found Mr. S.

3 did not demonstrate he satisfied Listing 14.06A or 14.06B.

4     Some of the ALJ's findings here are not supported by substantial evidence.

5 As Mr. S. argues, the ALJ misstated Listing 14.06A, stating the Listing "requires

6 involvement of two or more organs or body systems to at least a moderate level of

7 severity." Tr. 30. The ALJ then "found there is no evidence that two or more of

8 [Mr. S.'s] bodily systems are involved to at least a moderate level of severity." *Id*.

9     Listing 14.06 actually only requires "[i]nvolvement of two or more

10 organs/body systems, with [] *One* of the organs/body systems involved to at least a

11 moderate level of severity." 20 C.F.R. Pt. 404, Subpt. P, App. 1, 14.06 (emphasis

12 added). The ALJ erred by stating Listing 14.06 required *two* organs or body

13 systems to be involved to at least a moderate level.

14     This error is ultimately harmless. In addition to requiring two organs or body

15 systems be involved, including one involved to at least a moderate level, Listing

16 14.06 also requires a showing of "At least two of the constitutional symptoms or

17 signs (severe fatigue, fever, malaise, or involuntary weight loss)." 20 C.F.R. Pt.

18 404, Subpt. P, App. 1, 14.06. As the ALJ found, the record shows Mr. S. had

19 severe fatigue, but not fever, malaise, or involuntary weight loss.

20

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 17

1     Mr. S. contends that the record does show malaise, or alternatively that a

2  showing of fatigue is equivalent to malaise. Neither argument is convincing. The

3  only reference to "malaise" in the record is contained in a summary table of all the

4  problems Mr. S. reported in his medical records, where "malaise and fatigue NEC"

5  is non-specifically listed alongside "Chronic fatigue" and "Chronic fatigue,

6  unspecified" as having been reported on September 1, 2021. Tr. 353, 603, 725,

7  763, 963, 973, 994. It is unclear whether this reference is to a report of malaise, or

8  a report of fatigue. A review of Mr. S.'s health records from around September 1,

9  2021 does not show any finding of malaise, only fatigue. Tr. 781-89.

10     As for Mr. S.'s argument that the findings of fatigue are tantamount to a

11  finding of malaise, Listing 14.06 distinguishes between "severe fatigue" and

12  "malaise." Thus, it is implied that "fatigue" and "malaise" are two separate

13  symptoms, and the satisfaction of one does not satisfy the other.

14     As Mr. S. was required to show severe fatigue *and* fever, malaise, or

15  involuntary weight loss to meet or medically equal Listing 14.06, the absence of

16  evidence of fever, malaise, or involuntary weight loss means the ALJ's findings

17  were supported by substantial evidence. Thus, the ALJ did not err by finding Mr.

18  S. did not meet or medically equal Listing 14.06.

19  //

20

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 18

Still, the ALJ's analysis of Listing 14.06 was significantly flawed. The ALJ did not make any findings on Listing 14.00D5, and misstated Listing 14.06A. As this case must be remanded for further proceedings regardless,[6] on remand the ALJ should be directed to reconsider and make adequate findings as to Listing 14.06. Mr. S. should also be provided an opportunity to demonstrate his EDS satisfies another Listing for an affected body system, as suggested by HALLEX.

## C.    Symptom Testimony

Mr. S. contends the ALJ improperly rejected his testimony concerning the severity of his symptoms. Mr. S. appears to contend that if the ALJ did not improperly reject his testimony, then it would have assessed greater limitations to

---

[6] Mr. S. also implies that under SSR 17-2p remand for medical expert testimony is necessary. Mr. S. does not explain why this is legally required.

SSR 17-2p provides that at step three, the ALJ determines whether an individual's impairments meets or medically equals a Listing. 2017 WL 3928306 at *3. The ruling states that an ALJ may ask for and consider evidence from medical experts about the nature and severity of a claimant's impairments. *Id.* SSR 17-2p is permissive, and does not require medical expert testimony at step three. Therefore, Mr. S.'s argument lacks merit.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 19

1   his RFC, which in turn would have rendered him incapable of performing work

2   available in significant numbers in the national economy at step five.[7]

3       An ALJ engages in a two-step analysis to determine whether to discount a

4   claimant's testimony regarding subjective symptoms. SSR 16-3p, 2016 WL

5   1119029, at *2. "First, the ALJ must determine whether there is 'objective medical

6   evidence of an underlying impairment which could reasonably be expected to

7   produce the pain or other symptoms alleged.' " *Molina*, 674 F.3d at 1112 (quoting

8   *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)). Second, "[i]f the claimant

9   meets the first test and there is no evidence of malingering, the ALJ can only reject

10  the claimant's testimony about the severity of the symptoms if [the ALJ] gives

11  'specific, clear and convincing reasons' for the rejection." *Ghanim v. Colvin*, 763

12  F.3d 1154, 1163 (9th Cir. 2014) (citations omitted). "The clear and convincing

13  [evidence] standard is the most demanding required in Social Security cases."

14  *Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r*

15  *of Soc. Sec. Admin.*, 278 F.3d 920, 924 (9th Cir. 2002)).

16

17

18      [7] Mr. S. also raises other challenges to the ALJ's analysis at step five.

19  However, because this case is remanded for the ALJ to properly consider Mr. S.'s

20  symptom claims, the Court declines to address these other challenges.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 20

1    At the first step, the ALJ found there was objective medical evidence of an

2  underlying impairment which could reasonably be expected to produce the

3  symptoms Mr. S. alleged. Tr. 33. At the second step the ALJ found Mr. S.'s

4  statements about the intensity, persistence, and limiting effects of his symptoms to

5  be inconsistent with the record. *Id*.

6    The ALJ's analysis was inadequate because it did not identify what specific

7  testimony or other statements from Mr. S. it found inconsistent with the record, or

8  what specific evidence was inconsistent with his testimony. Instead, the ALJ

9  provided lengthy summaries of Mr. S.'s testimony and the record without further

10  analysis or explanation. While one might be able to infer what testimony the ALJ

11  found inconsistent with the record and why, "[i]nferred reasons fail[] to meet the

12  specific, clear and convincing standard." *Juan G. v. Kijakazi*, 2021 WL 5240498,

13  at *5 (E.D. Wash. Aug. 19, 2021). Instead, the ALJ must identify what testimony is

14  being discounted, and what evidence undermines these claims. *See Holohan v.*

15  *Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001); *see also Lambert v. Saul*, 980

16  F.3d 1266, 1277 (9th Cir. 2020) (While the ALJ is not required to perform a line-

17  by-line analysis of the claimant's testimony, the ALJ is still required to do more

18  than offer "non-specific conclusions that [claimant's] testimony was inconsistent

19  with her medical treatment."). The ALJ's failure to do so is error requiring remand

20  for Mr. S.'s symptom testimony to be re-evaluated.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S
DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 21

The Commissioner suggests that a review of the entire decision, specifically the ALJ's findings at step three, provides sufficient analysis to support the rejection of Mr. S.'s testimony. However, the ALJ's analysis in other portions of its decision also fails to specifically identify what portions of Mr. S.'s testimony are being discounted. While it is again possible to infer that the ALJ's findings on Mr. S.'s areas of mental functioning are inconsistent with Mr. S.'s testimony on his mental health, inference is not enough. The ALJ must provide actual analysis as to what testimony is rejected, and why.

Mr. S. also contends the ALJ erred by failing to consider his need to lie down and elevate his legs. On remand, the ALJ is instructed to reevaluate Ms. R.'s symptom claims, including his coping mechanisms such as lying down and elevating his legs, and conduct a new sequential analysis.

**D.    Remedy**

Mr. S. urges the Court to remand for an immediate award of benefits.

Generally, an ALJ's failure to make adequate findings necessitates a remand for additional proceedings to make such findings. *Lewin v. Schweiker*, 654 F.2d 631, 635 (9th Cir. 1981). However, the Court has the power to affirm, modify, or reverse a decision with or without remanding for a rehearing. 42 U.S.C. § 405(g). "Courts have generally exercised this power when it is clear from the record that a

claimant is entitled to benefits." *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014).

Where the ALJ makes a legal error, but there is a need to resolve conflicting evidence and ambiguities in the record, a remand for an award of benefits is inappropriate. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1101 (9th Cir. 2014). Only where there are no outstanding issues requiring resolution can a witnesses' testimony be credited as true without further proceedings. Id. at 1105-06.

Here, it is not clear from the record that the ALJ would be required to find Mr. S. disabled if the evidence was properly evaluated. Further proceedings are necessary for the ALJ to reconsider Mr. S.'s symptom testimony and conduct a new sequential evaluation.

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes the ALJ's decision is not free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1.    Mr. S.'s Brief, **ECF No. 9**, is **GRANTED in part**.

2.    The Commissioner's Brief, **ECF No. 10**, is **DENIED**.

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 23

3.    This case is **REVERSED** and **REMANDED** for further administrative proceedings consistent with this Order pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

DATED August 19, 2025.



_____
REBECCA L. PENNELL
UNITED STATES DISTRICT JUDGE

ORDER REVERSING AND REMANDING THE COMMISSIONER'S DECISION FOR FURTHER ADMINISTRATIVE PROCEEDINGS * 24